IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  3:03cr117/LAC
3:05cv316/LAC/MD

BILLY R. CHANCE

### ORDER and
### REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 20). After response from the government, and reply from the defendant, the court held an evidentiary hearing on October 20, 2006 on the sole issue of counsel's alleged failure to file an appeal. However, at this hearing, the court was informed that due to the state court's nunc pro tunc vacatur of defendant's state sentence in August of 2006, the defendant had served his federal sentence in full and was entitled to be released. The parties agreed that, this being the case, the § 2255 motion would be moot. The Assistant United States Attorney in attendance, Tiffany Sims, Esq., was directed to promptly contact the appropriate officials with the Bureau of Prisons to verify defendant's entitlement to release. The defendant was released within hours of the court's direction.

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 20)  be DENIED as MOOT.

And it is ORDERED:

The clerk of court shall provide a copy of this recommendation to the defendant at the address provided to the United States Marshal upon his release: P.O. Box 9966, Panama City Beach, FL 32417.

At Pensacola, Florida, this 20th day of October, 2006.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).